Citation Nr: 1725236 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 12-28 167 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to basic eligibility for VA home loan benefits.


ATTORNEY FOR THE BOARD

Amanda Christensen, Counsel


INTRODUCTION

The Veteran served on active duty from December 2005 to May 2007.

This case comes to the Board of Veterans' Appeals (Board) on appeal from an August 2012 decision of the VA Regional Loan Center in Atlanta, Georgia.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In her October 2012 substantive appeal (VA Form 9), the Veteran requested a Travel Board hearing before a Veterans Law Judge of the Board.

A Travel Board hearing was scheduled in May 2015, and the Veteran failed to report for this hearing. However, in its review of the case in July 2015 the Board determined that the notification letter sent to the Veteran about the hearing was sent to the incorrect zip code and the letter returned by the U.S. Post Office as undeliverable. As the Veteran was not properly notified of the hearing, the Board remanded the claim to schedule the Veteran for another hearing. The Board specifically ordered that the Veteran be notified of the date, time, and location of the hearing, and a copy of the letter be included in her claims file.

The Veteran is entitled to a hearing before the Board adjudicates her appeal. See 38
USCA § 7107 (West 2015), 38 C F R §§ 20.700, 20.704 (2016).

The VA's computer system indicates the Veteran was scheduled for a new Travel Board hearing in December 2015. She did not report for the hearing. However, her claims file includes no documentation reflecting that she was informed of the hearing. Therefore, the Board must again remand the claim to reschedule the hearing and ensure the Veteran is provided notice of that hearing. 

When the Board's remand requests are not satisfied, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

As recent correspondence to the Veteran's address of record has been returned as undeliverable, the RO should make reasonable attempts to verify the Veteran's current address before rescheduling her for a Board hearing.

Accordingly, the case is REMANDED for the following action:

1. Verify the Veteran's current address. Then schedule her for a Travel Board hearing at the next available opportunity. Notify the Veteran of the date, time, and location of this hearing, and put a copy of the notice letter in her claims file.

2. Once the Veteran has been afforded this requested hearing, or in the event that she withdraws this hearing request of fails to appear on the date scheduled, return the file to the Board for further appellate consideration of her claim.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).